RENDERED: MARCH 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0953-MR

MARVIN LEE GOODMAN                                                         APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 14-CR-002269-001

COMMONWEALTH OF KENTUCKY                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Marvin Lee Goodman, *pro se*, brings this appeal from a June
2, 2022, order of the Jefferson Circuit Court denying his motion to correct
judgment.  We affirm.

Appellant was indicted in 2014 by the Jefferson County Grand Jury
upon the offense of first-degree robbery.  On April 5, 2016, appellant and the
Commonwealth reached a plea agreement.  Thereunder, appellant agreed to enter a

guilty plea to first-degree robbery, and the Commonwealth would recommend a sentence of fifteen-years' imprisonment.

By Judgment of Conviction and Sentence entered April 20, 2016, (Judgment), the circuit court sentenced appellant to ten-years' imprisonment upon the offense of first-degree robbery. The ten-year sentence was clearly a clerical error. Subsequently, on May 4, 2016, the court amended its Judgment by rendering an Amended Judgment of Conviction of Sentence (Amended Judgment). Therein, the circuit court sentenced appellant to fifteen-years' imprisonment upon the offense of first-degree robbery in accordance with his guilty plea and plea agreement.

Some six years later, on May 20, 2022, appellant filed a motion to correct his sentence of imprisonment. Appellant maintains his sentence of imprisonment was ten years rather than fifteen years. Appellant attached two judgments to his motion. The first attached judgment is titled Amended Judgment of Conviction and Sentence and bears an April 20, 2016, entry date. In this first judgment, appellant is sentenced to ten-years' imprisonment. The second attached judgment is titled Judgment of Conviction and Sentence and bears a May 4, 2016, entry date. In its second judgment, appellant is sentenced to fifteen-years' imprisonment.

By order entered June 2, 2022, the circuit court denied appellant's motion to correct his sentence of imprisonment. The circuit court initially noted that the April 20, 2016, Judgment mistakenly sentenced appellant to ten-years' imprisonment. The circuit court corrected this clerical error in the May 4, 2016, Amended Judgment by sentencing appellant to fifteen-years' imprisonment. The court explained that the plea agreement and the court's notes both indicated that the court had intended to sentence appellant to fifteen years rather than ten years' imprisonment. The court also addressed the apparent attempt to mislead the court by altering the record:

> The confusion arises because someone has taken the second pages of these Judgments [April 20, 2016, Judgment, and May 4, 2016, Amended Judgment] and swapped them; making it appear the sentence was reduced by the amended rather than corrected. One could wonder if it was Mr. Goodman who did the swapping, but the Court will presume this mistake was caused by someone else playing a cruel joke on Mr. Goodman.

Order denying motion to correct judgment at 1. Upon denying appellant's motion to correct his sentence of imprisonment, this appeal follows.

Appellant's sole issue on appeal is that the circuit court erroneously denied the motion to correct his sentence of imprisonment. Specifically, appellant argues that "[i]t is clear that the erroneous errors made by the trial court clearly violate CR [Kentucky Rules of Civil Procedure] 59.05 as the amended sentence of

fifteen (15) years was entered into the court well after the required ten (10) day deadline under the statute." Appellant's Brief at 3.

Under CR 59.05, "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." So, a party must serve a CR 59.05 motion within ten days of the final judgment. Based upon its plain language, we do not believe that CR 59.05 is applicable herein; instead, Kentucky Rules of Criminal Procedure (RCr) 10.10 is dispositive.

Under RCr 10.10, a clerical error in a judgment "may be corrected by the court at any time on its own initiative or on the motion of any party." Clerical mistakes are "errors, mistakes, or omissions which are not the result of the exercise of the judicial function." *Machniak v. Commonwealth*, 351 S.W.3d 648, 652 (Ky. 2011) (quoting *Buchanan v. West Ky. Coal Co.*, 291 S.W. 32, 35 (Ky. 1927)). And, in differentiating between judicial and clerical errors, the key inquiry is "'whether it was the deliberate result of judicial reasoning and determination.'" *Machniak*, 351 S.W.3d at 652 (quoting *Buchanan*, 291 S.W. at 35).

Herein, the circuit court indicated that it committed a mistake by sentencing appellant to ten-years' imprisonment in the April 20, 2016, Judgment. The circuit court pointed out that both the plea agreement and the court's notes indicated that the court had intended to sentence appellant to fifteen years. Thus,

the mistake was not the deliberate result of judicial reasoning but rather constituted a clerical error. Per RCr 10.10, the circuit court properly corrected the clerical error in the May 4, 2016, Amended Judgment by correctly sentencing appellant to fifteen-years' imprisonment. Accordingly, we conclude that the circuit court properly denied appellant's motion to correct his sentence of imprisonment.

For the foregoing reasons, the June 2, 2022, order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Marvin Lee Goodman, *Pro Se*<br>Burgin, Kentucky | Daniel J. Cameron<br>Attorney General<br>Frankfort, Kentucky |
| | Joseph A. Beckett<br>Assistant Attorney General<br>Frankfort, Kentucky |